UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN REAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-02741-LJM-DKL |
| | ) |
| PAUL ULLMAN, | ) |
| OFC MILLS I.A., | ) |
| WENDY KNIGHT, | ) |
| LT. COATS, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion to Proceed *In Forma Pauperis* and Complaint, Discussing Misjoinder, and Directing Further Proceedings**

### I. *In Forma Pauperis*

The plaintiff's motion to proceed *in forma pauperis* [dkt. 5] is **granted** to the extent that a collection order is being issued to collect the filing fee in monthly payments whenever the plaintiff's income permits.

### II. Screening

The plaintiff is a prisoner currently incarcerated at Correctional Industrial Facility ("CIF"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

The plaintiff brings this action against; 1) Paul Ullman, Meritor Brake Shop foreman; 2) Officer Mills, Internal Affairs; 3) Wendy Knight, Superintendent; and 4) Lt. Coats. For relief, the

plaintiff seeks a transfer to a different prison that can better assist him with his blindness and compensatory damages.

The complaint does not specify whether the defendants are sued in their individual or official capacities. Giving the complaint its most liberal reading, the Court will treat the claims as having been brought against the defendants in both individual and official capacities.

**Paul Ullman -** The plaintiff's claim against Paul Ullman relates to a job he had at the prison. The plaintiff alleges that in 2014 he was fired from his job at Meritor Brake Shop because of a lie. He has reapplied several times but foreman Paul Ullman has made it clear he would never be hired back because of his poor vision and lack of production. Another inmate who also has the same eye condition was fired due to lack of production. The plaintiff alleges that he is legally blind.

**Officer Mills -** The plaintiff alleges that he submitted a request to Officer Mills for separation from another inmate who had tried to kill the plaintiff on the outside. The plaintiff told Officer Mills he was scared for his life. Officer Mills did not separate the inmates, wrote up the plaintiff for telling him the plaintiff would protect himself, and then refused to talk to the plaintiff.

**Lt. Coats and Superintendent Knight -** The plaintiff was moved to a different unit by the prison unit team based on the status of his legal blindness. Then Lt. Coats and Superintendent Knight allegedly moved him to an idle dorm. There he was beaten up by an offender trying to take his food. The plaintiff alleges he was moved to the idle unit for no reason.

As filed, the complaint violates the joinder of claims limitation of the *Federal Rules of Civil Procedure*. "Unrelated claims against different defendants belong in different suits …." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 20 of the *Federal Rules of Civil*

*Procedure* allows joinder of multiple defendants only when 1) the allegations against them involve the same transaction or occurrence and, 2) common questions of fact and law will arise as to all defendants. The claims against the different defendants are not related factually or legally. For instance, his denial of employment claim based on his disability is not related to any failure to protect claim brought against Officer Mills.

The Court has not screened any of the claims on the merits. The improper joinder issue shall be addressed first.

### III. Further Proceedings

The plaintiff is the master of his own complaint. Therefore, he may decide which claim(s), if any, he wants to pursue in this action.

The plaintiff shall have **through November 28, 2016,** in which to file an amended complaint incorporating only properly related claims. If this means he can only properly file one complaint for each claim, that is what he should do. He may choose which claim to file in this case as an "amended complaint," and may also file additional new lawsuits for any other claims he wishes to pursue. He will owe a filing fee for each lawsuit filed.

In submitting an amended complaint, the plaintiff shall conform to the following guidelines:

- The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";
- The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

! The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

If an amended complaint is filed as directed in this Entry, the Court will screen it as required by 28 U.S.C. ' 1915A. If no amended complaint is filed, the action will be dismissed in its entirety for failure to comply with Court orders and failure to prosecute without further notice to the plaintiff.

The plaintiff shall inform the Court of any change of address within seven (7) days of the change.

**IT IS SO ORDERED.**

Date: _____11/3/2016_____

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN REAVES
161700
PENDLETON CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064