UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-02741-LJM-DKL |
| | ) | |
| PAUL ULLMAN, | ) | |
| OFC MILLS I.A., | ) | |
| WENDY KNIGHT, | ) | |
| LT. COATS, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Amended Complaint and Directing Service of Process**

**I. Screening**

The plaintiff is a prisoner currently incarcerated at the Correctional Industrial Facility ("CIF"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

The plaintiff brings this action against Paul Ullman, Meritor Brake Shop foreman. The amended complaint alleges that Mr. Ullman terminated the plaintiff's prison's employment because of a lie that was told about the plaintiff by prison employees. He further alleges that Mr. Ullman has refused to rehire the plaintiff because of the plaintiff's poor vision which limits his productivity. The plaintiff alleges that he is legally blind. He alleges that the defendant has failed to be in compliance with "the Disability Act." For relief, the plaintiff seeks compensatory

damages. The Court further construes his complaint as seeking injunctive relief in the form of being rehired.

The complaint does not specify whether the defendant is sued in his individual or official capacities. Giving the complaint its most liberal reading, the Court will treat the claims as having been brought against the defendant in both his individual and official capacities.

Prisoners have no property or liberty interest in retaining any particular job in prison. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991) (en banc). Accordingly, the plaintiff has no constitutional right to obtain or retain any particular job in prison. However, a prisoner does have a right not to be discriminated against on the basis of disability. That right is protected by the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.* ("ADA")*,* and the Rehabilitation Act, 29 U.S.C. § 794. *Norfleet v. Walker,* 684 F.3d 688, 690 (7th Cir. 2012). There is no personal liability, however, under Title I and Title II of the ADA or under the Rehabilitation Act. *See Stanek v. St. Charles Community Unit School Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015). This means that the ADA and Rehabilitation Act claims against Mr. Ullman in his individual capacity must be **dismissed for failure to state a claim upon which relief can be granted.**

The Rehabilitation Act claim may proceed against the defendant in his official capacity, in other words against the Indiana Department of Correction ("IDOC"), an agency of the State, for money damages. "[D]amages are available against the State [of Indiana] under the Rehabilitation Act." *Barrett v. Wallace,* 570 Fed. Appx. 598, 600 n. 1 (7th Cir. July 8, 2014). The Title II ADA claim may also proceed against the State for prospective injunctive relief. *United States v. Georgia,* 546 U.S. 151, 160 (2006) (concurring opinion).

The Indiana Department of Correction shall be added as a defendant. **The clerk shall update the docket to terminate Paul Ullman as a defendant and add the Indiana Department of Correction as a defendant.** The plaintiff's ADA and Rehabilitation Act claims shall proceed against the Indiana Department of Correction.

## II. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to the Indiana Department of Correction in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on November 23, 2016, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: _____12/5/2016_____

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN REAVES
161700
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Indiana Department of Correction
302 W. Washington Street, Room E-334
Indianapolis, IN 46204

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.